IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DOUGLAS P. MARCELLO, | * | |
| Plaintiff and Counterclaim Defendant, | * | |
| v. | * | |
| | * | |
| UNITED STATES OF AMERICA INTERNAL REVENUE SERVICE, | * | Civil Action No.: RDB-08-2796 |
| | * | |
| Defendant, Counterclaim Plaintiff, And Third-Party Plaintiff, | * | |
| v. | * | |
| JOHN R. MARCELLO, | * | |
| Third-Party Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **AMENDED MEMORANDUM OPINION**

Plaintiff Douglas Marcello ("the Plaintiff") filed this *pro se* action against Defendant Internal Revenue Service ("IRS") seeking injunctive relief and $16,500,000 in damages allegedly caused by the IRS. Plaintiff claims that the IRS wrongly assessed him with monetary penalties under Internal Revenue Code § 6672 stemming from his failure to pay the IRS taxes he withheld from the wages of employees of Glasgow Home, Inc. Pending before this Court is Defendant IRS's Motion to Dismiss Plaintiff's Amended Complaint (Paper No. 30). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2008). This Court lacks subject matter jurisdiction over this case as the undisputed record reflects that the Plaintiff Marcello failed to exhaust administrative remedies as required by law.

1

Accordingly, for the reasons stated below, Defendant IRS's Motion to Dismiss Plaintiff's Amended Complaint (Paper No. 30) is GRANTED.[1]

## BACKGROUND

This Court reviews the facts relating to this claim in the light most favorable to the petitioner. *See, e.g., Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). In 1994, Plaintiff Douglas Marcello became the executive director of Glasgow Home, Inc. ("Glasgow"), a nursing home facility in Cambridge, Maryland owned by the Plaintiff's brother, John Marcello.[2] Am. Compl. A2; Marcello Depo. 31. As executive director, the Plaintiff was in charge of Glasgow's daily operations, which included handling of payroll, issuing payroll checks and making cash payments to employees. Am. Compl. 4; Marcello Depo. 62-64, 120. The Plaintiff was also responsible for paying vendors, creditors and taxes. Marcello Depo. 63-64, 103. Beginning in 2000, Glasgow began losing money and experiencing cash shortages. *Id*. at 63-64, 68. It is undisputed and the Plaintiff acknowledges that from the first quarter of 2002 through the first quarter of 2005, he withheld federal income, social security, and Medicare taxes from Glasgow's employees' wages, but failed to pay these taxes to the United States government. *Id*. at 68-71.

On November 1, 2006, the IRS assessed a trust fund recovery penalty against the Plaintiff personally for Glasgow's unpaid federal employment taxes under § 6672 of the Internal Revenue Code. A person incurs trust fund penalties when he or she fails to pay federal income and social security taxes to the United States that have been withheld from an employee's wages. *See Slodov v. United States*, 436 U.S. 238, 243 (1978). Penalties may equal up to 100% of the unpaid taxes and may be enforced through liens. *Id* at 243-245. As of February 8, 2010, the

---

[1] This Memorandum Opinion supersedes this Court's prior Memorandum Opinion (Paper No. 57).
[2] Plaintiff's brother, John Marcello, has been named a Third-Party Defendant to this case.

total balance of the penalties is $58,792.56. Decl. Yang-Green ¶ 3. The IRS has placed liens on Plaintiff's property and bank account. Am. Compl. 1A. Plaintiff contested the assessment of the trust fund recovery penalties through the IRS appeals process. Am. Compl. 2A. The IRS appeals officer upheld the assessment. The Plaintiff filed an administrative claim for refund and abatement, but the IRS denied this claim as well. Compl. Ex., IRS letter dated Feb. 8, 2008.

The Plaintiff Marcello has admitted in his deposition that he failed to file an administrative claim for damages because he "didn't see any purpose . . . considering [the IRS] would not even acknowledge that [the Plaintiff] did not owe the penalty." Marcello Depo. 152:14-29, 155:9-15. Despite having failed to exhaust his administrative remedies, on October 20, 2008, Plaintiff filed a Complaint in this Court seeking $10,000,000 in damages and injunctive relief in connection with the collection of the trust fund recovery penalties (Paper No. 1). On January 26, 2009, Plaintiff filed an Amended Complaint, seeking $16,500,000 in damages and injunctive relief (Paper No. 10). On February 3, 2009, Plaintiff filed a Motion for Summary Judgment (Paper No. 11), which this Court denied on May 21, 2009 (Paper No. 20).[3] On August 26, 2009, and November 6, 2009, this Court granted Plaintiff's and the IRS's respective Motions for Extension of Time to Complete Discovery (Paper Nos. 24 and 27). On January 28, 2010, the IRS submitted the pending Motion to Dismiss Plaintiff's Amended Complaint (Paper No. 30).

## STANDARD OF REVIEW

A motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F.Supp.2d 792, 799 (D. Md. 2005). A plaintiff carries

---

[3] On May 21, 2009, this case was transferred from U.S. District Judge Andre M. Davis to the undersigned.

the burden of establishing subject matter jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). In determining whether jurisdiction exists, the district court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768-769 (4th Cir. 1991). Motions to dismiss for lack of subject matter jurisdiction are appropriate where a claim fails to assert facts upon which jurisdiction may be based. *See Crosten v. Kamauf*, 932 F. Supp. 676, 679 (D. Md. 1996). Where a plaintiff has failed to exhaust administrative remedies before bringing a claim, the action should be dismissed under Rule 12(b)(1). *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd* 85 Fed. Appx. 960 (4th Cir. 2004).

## ANALYSIS

### I. Damages Claim

This Court lacks subject matter jurisdiction over the Plaintiff's claim for damages because he failed to exhaust his administrative remedies. In accordance with the doctrine of sovereign immunity, an action against the federal government can be maintained only where it has expressly consented to being sued. *See Welch v. United States*, 409 F.3d 646, 650-51 (4th Cir. 2005). When the United States waives its sovereign immunity, the terms of its waiver define the extent of a court's jurisdiction and a court may not extend or narrow the waiver beyond that intended by Congress. *See United States v. Sherwood*, 312 U.S. 584, 586 (1941); *Smith v. United States*, 507 U.S. 197, 203 (1993). According to § 7433(d)(1) of the Internal Revenue Code, a taxpayer must exhaust his administrative remedies before bringing a suit for damages in federal district court against the IRS. 26 U.S.C. § 7433(d)(1) ("A judgment for damages shall not be awarded under [section 7433] subsection (b) unless the court determines

4

that the plaintiff has exhausted administrative remedies available to such plaintiff within the Internal Revenue Service."). Thus, filing an administrative claim is "the *exclusive* remedy for recovering damages resulting from such actions." 26 U.S.C. § 7433(e)(2)(A) (emphasis added). A plaintiff's failure to comply with this prerequisite deprives the court of jurisdiction over the claim. *See Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992); *Hunt v. United States*, 178 F.Supp.2d 537, 538 (D. Md. 2002).

In this case, Plaintiff admits he failed to exhaust his administrative remedies. At deposition, Plaintiff testified that he had "no intention of filing an administrative claim [for damages]," and that he "didn't see any purpose in it considering [the IRS] would not even acknowledge that [he] did not owe the penalty." Marcello Depo. 152:14-29, 155:9-15. Nevertheless, the Plaintiff contends that his administrative claim for refund and abatement satisfied the requirement to exhaust his administrative remedies. An administrative claim for damages, however, is distinct from a claim for refund and abatement. *See* 26 U.S.C. § 7433(e)(2)(A). Accordingly, only an administrative claim for damages will satisfy the exhaustion requirement.

The Plaintiff argues that this case warrants an exception to the exhaustion of administrative remedies requirement because his administrative remedies were unavailable and inadequate, or in the alternative, he satisfied the exhaustion requirements. However, the cases Plaintiff cites fail to support his position because they are inapplicable or distinguishable. For example, Plaintiff relies on *Information Resources, Inc. v. United States*, 950 F.2d 1122 (5th Cir. 1992), in which the Fifth Circuit did not require a plaintiff to exhaust administrative remedies under § 7433 because the administrative remedies that were available could not provide a remedy for damages that the taxpayer incurred, and so a private cause of action was plaintiff's

sole means of recourse. *See Information Resources, Inc.*, 950 F.2d at 1128. However, in 1992, the Secretary of the Treasury promulgated a regulation setting forth the appropriate administrative procedures for unauthorized collection actions, and providing a remedy. *See* 26 C.F.R. § 301.7433-1. Thus, this case and any authority it might provide has been superseded by statute.[4]

Plaintiff also attempts to bolster his argument with the Fifth Circuit's opinion in *Hessbrook v. Lennon*, 777 F.2d 999 (5th Cir. 1985), which granted exceptions to the administrative remedy exhaustion requirement where "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Hessbrook*, 777 F.2d at 1003. Importantly, the Supreme Court has indicated its disapproval of the holding in *Hessbrook*. *See McCarthy v. Madigan*, 503 U.S. 140 (1992). Furthermore, in the present case, the administrative remedy is available and appropriate. The Plaintiff cannot rely on his opinion of the futility of the IRS process to serve as an equivalent to the remedy being unavailable. *See Viven*, 38 F.3d at 103 (ruling that administrative remedies are still valid even if the IRS does not inform the taxpayer of their existence). Additionally, the Plaintiff fails to adequately justify his belief that an attempt to exhaust such remedies would be "patently futile." Plaintiff's mere perception of the futility of filing an administrative claim fails to excuse the exhaustion requirement. In sum, *Hessbrook* does not support the Plaintiff's argument.

---

[4] Similarly, the Plaintiff's use of *Coit Independence Joint Venture v. Federal Sav. and Loan Ins. Corp*, 489 U.S. 561 (1989), which deemed the administrative remedies of the Federal Home Loan Bank Board inadequate, does not support Plaintiff's argument because courts have consistently upheld the Treasury Regulations' requirement to exhaust administrative remedies for damages claims. *See Venen*, 38 F.3d at 103; *Conforte*, 979 F.2d at 1375; *Hunt*, 178 F.Supp.2d at 538.

Finally, Plaintiff posits that the D.C. Circuit's opinion in *Spannaus v. U.S. Dept. of Justice*, 824 F.2d 52 (D.C. Cir. 1987), which holds that "constructive exhaustion" of administrative remedies can excuse a taxpayer from actual exhaustion requirements under the Freedom of Information Act, strengthens his argument. *Spannaus*, F.2d at 58. However, unlike Freedom of Information Act regulations, Treasury regulations do not explicitly allow for "constructive exhaustion." *See* 26 U.S.C. §§ 7432, 7433; 26 C.F.R. §§ 301.7342-1(f), 301.7433-1(e). The *Spannaus* decision, therefore, is inapplicable to the present case because the relevant statutes lack constructive exhaustion language. Accordingly, the Plaintiff failed to articulate a factual or legal basis to justify his failure to exhaust his administrative remedies. Thus, this Court does not have jurisdiction over his claim.

## II.     Injunctive Relief Claim

This Court lacks subject matter jurisdiction over the Plaintiff's claim for injunctive relief because the Tax Anti-Injunction Act, 26 U.S.C. § 7421(a), bars his claim. Under the Tax Anti-Injunction Act, except as specifically provided in another section, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). Plaintiff does not allege any statute that specifically authorizes his suit for injunctive relief against the United States. Thus, pursuant to the Tax Anti-Injunction Act, this Court lacks jurisdiction to issue injunctive relief to Plaintiff. *See In re Heritage Village Church and Missionary Fellowship, Inc.*, 851 F.2d 104 (4th Cir. 1998); *Judicial Watch, Inc. v. Ross* 317 F.3d 401, 404-405 (4th Cir. 2003). The Plaintiff argues that § 6330(e) is relevant to this case, which is an exception to § 7421(a) and provides that if a taxpayer requests a hearing based on levy action notice, the levy shall be suspended during the pendency of the hearing. The

suspension of a levy under § 6330(e)(1) occurs only when such a hearing or appeal is pending. The Plaintiff has not alleged any levy action hearing or appeal relating to levy notice. Thus, § 6330(e)(1) is inapplicable. Accordingly, this Court does not have subject matter jurisdiction over Plaintiff's claim for injunctive relief.

## **CONCLUSION**

For the reasons stated above, Defendant IRS's Motion to Dismiss Plaintiff's Amended Complaint (Paper No. 30) is GRANTED.

A separate Order follows.


Dated: April 21, 2010              /s/_____
                                   Richard D. Bennett
                                   United States District Judge