IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DOUGLAS P. MARCELLO, | * | |
| Plaintiff and Counterclaim Defendant, | * | |
| v. | * | |
| UNITED STATES OF AMERICA INTERNAL REVENUE SERVICE, | * | |
| | * | Civil Action No.: RDB-08-2796 |
| Defendant, Counterclaim Plaintiff, And Third-Party Plaintiff, | * | |
| v. | * | |
| JOHN R. MARCELLO, | * | |
| Third-Party Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Douglas Marcello ("Plaintiff") filed this *pro se* action against Defendant United States Internal Revenue Service ("IRS") seeking injunctive relief and damages allegedly caused by the IRS in connection with the trust fund recovery penalty taxes assessed against him. The IRS counterclaimed against Plaintiff and filed a third-party complaint against Plaintiff's brother, John Marcello, to obtain judgment on the unpaid trust fund recovery penalty taxes assessed against them. Pending before this Court is Defendant IRS's Motions for Summary Judgment against Plaintiff Douglas Marcello and Third-Party Defendant John Marcello (Paper Nos. 32 and 33), Plaintiff Douglas Marcello's Motion for Summary Judgment against Defendant IRS (Paper No. 37) and Plaintiff Douglas Marcello's Motion for Reconsideration of Request for Depositions (Paper No. 51). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons stated below, Defendant IRS's Motions for

1

Summary Judgment against Plaintiff Douglas Marcello and third party Defendant John Marcello (Paper Nos. 32 and 33) are GRANTED, Plaintiff Douglas Marcello's Motion for Summary Judgment against Defendant IRS (Paper No. 37) is DENIED and Plaintiff Douglas Marcello's Motion for Reconsideration (Paper No. 51) is DENIED.

## BACKGROUND

The complete factual and procedural background of this case has been fully set forth in this Court's April 21, 2010 Memorandum Opinion (Paper No. 59) granting Defendant IRS's Motion to Dismiss Plaintiff's Amended Complaint and a lengthy discussion herein is not necessary.

In 1994, Plaintiff Douglas Marcello became the executive director of Glasgow Home, Inc. ("Glasgow"), a nursing home facility in Cambridge, Maryland owned by the Plaintiff's brother, John Marcello. In 2000, Glasgow's finances began to suffer, and Glasgow failed to pay its payroll taxes from the first quarter of 2002 until the first quarter of 2005, when the business closed. Although Plaintiff and his brother knew that Glasgow had not paid its payroll tax liabilities, Plaintiff continued to sign paychecks and checks to creditors, including himself, and his brother continued to sign Glasgow's tax returns. On November 1, 2006, the IRS assessed a trust fund recovery penalty ("TFRP") against both Plaintiff and his brother, Third-Party Defendant John Marcello, personally for Glasgow's unpaid federal employment taxes under § 6672 of the Internal Revenue Code. As of February 8, 2010, the total balance of the penalties was $58,792.56 against Plaintiff Douglas Marcello and $72,188.71 against Third-Party Defendant John Marcello.

On January 26, 2009, Plaintiff filed this *pro se* action against the IRS seeking injunctive relief and $16,500,000 in damages allegedly caused by the IRS in connection with the TFRP

assessed against him. Paper No. 10. On February 4, 2009, the IRS counterclaimed against Plaintiff seeking to reduce to judgment his unpaid TFRP taxes. Paper No. 12. The IRS also filed a third-party complaint against Plaintiff's brother, John Marcello, to reduce to judgment the unpaid TFRP taxes assessed against him. *Id*. On April 10, 2010, this Court granted the IRS's Motion to Dismiss Plaintiff's claims for damages and injunctive relief. Paper No. 60.

## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id*. at 249.

In undertaking this inquiry, a court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). After the moving party has established the absence of a genuine issue of material fact, the nonmoving party must present evidence in the record demonstrating an issue of fact to be resolved at trial. *Pension Ben. Guar. Corp. v. Beverley*, 404 F.3d 243, 246-47 (4th Cir. 2005) (citing *Pine Ridge Coal Co. v. Local 8377, UMW,* 187 F.3d 415, 422 (4th Cir. 1999)). Summary judgment will be granted if the nonmoving party "fails to

make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

This Court has an affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993) (quoting *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987)). If the evidence presented by the nonmoving party is merely colorable, or is not significantly probative, summary judgment must be granted. *Anderson*, 477 U.S. at 249-50. This Court has previously explained that a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala,* 166 F. Supp. 2d 373, 375 (D. Md. 2001) (citations omitted).

## ANALYSIS

**I.     Defendant IRS's Motions for Summary Judgment**

Defendant IRS seeks judgment against Plaintiff in its counter-claim and against his brother, John Marcello, in its third-party claim, for the TFRP taxes assessed against them in connection with Glasgow's failure to pay the IRS its withheld payroll taxes. The Internal Revenue Code requires employers to withhold federal income, social security, and Medicare taxes from their employees' wages. *See* 26 U.S.C. §§ 3102(a), 3402(a), 7501. Because the employer holds these taxes as "special funds in trust for the United States," they are commonly referred to as "trust fund taxes." *See Plett v. U.S.*, 185 F.3d 216, 218 (4th Cir. 1999). While employers remain liable for failing to remit trust fund taxes, the Internal Revenue Code also imposes *personal* liability – in an amount equal to the unpaid taxes – upon officers or employees who (1) are responsible for collecting, accounting for, and remitting payroll taxes, and (2) willfully fail to do so. *Id.* (citing 26 U.S.C. §§ 6672(a), 6671 (b)).

It is "well established in tax law that an assessment is entitled to a legal presumption of correctness." *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002). In other words, in the context of § 6672, an IRS determination of tax liability is presumptively correct and the burden is placed on the taxpayer to establish that the IRS's determination was erroneous. *See U.S. v. Pomponio*, 635 F.2d 293, 296 (4th Cir. 1980). In order to show that an IRS determination was erroneous, a taxpayer must demonstrate either (1) that he was not a responsible person, or (2) that his failure to pay the taxes was not willful. *Id.*

### A. John Marcello

Defendant IRS's Motion for Summary Judgment against Third-Party Defendant John Marcello is unopposed despite a letter mailed to John Marcello by this Court on February 2, 2010 that informed him of his opportunity to file an opposition.[1] A court does not automatically grant an unopposed motion for summary judgment. Fed. R. Civ. P. 56(e). Even if the adverse party does not respond, the court shall grant summary judgment in favor of the moving party only if appropriate. *Id.*; *see also Custer v. Pan American Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993) ("[T]he court, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law.").

IRS's unopposed Motion for Summary Judgment, as well as the exhibits attached thereto, establish that Third-Party Defendant John Marcello is liable for the TFRP taxes assessed against

---

[1] In the February 2 letter, this Court explained that "Local Rule 105.2(a) provides 14 days in which to file oppositions to motions, and Rule 6(e) of the Federal Rules of Civil Procedure allows three (3) additional days after service by mail. Accordingly, you have 17 days from the date of this letter to file any relevant opposing materials." Paper No. 36. The letter also informed him of what might result if no response was filed: "If you do not file a timely and appropriate written response, or, if such response fails to show by affidavit or statement under penalties of perjury that there is a genuine dispute of material fact, summary judgment may be entered against you, or your case may be dismissed without further notice." *Id.*

5

him. First, the IRS has presented certified records of the TFRP assessments against John Marcello. Paper No. 32, Ex. 101-113. Second, as the owner and president of Glasgow, John Marcello was in charge of Glasgow's financial affairs during the time period in issue and therefore qualifies as a "responsible person." John Marcello ("JM") Dep. 17-18. John Marcello even conceded that he was responsible for Glasgow's unpaid withholding taxes in his Answer to the Third-Party Complaint, stating: "I have never denied responsibility for this and now hereby reiterate that I accepted full responsibility for this penalty at that time." Paper No. 19 at 1. Third, John Marcello was "willful" since he knew that Glasgow's withheld payroll taxes were unpaid during the relevant periods but nonetheless used available funds to pay other creditors. JM Dep. 78-79. Thus, there are no genuine issues of material fact and the IRS is entitled to judgment as a matter of law. Accordingly, John Marcello is liable for the trust fund recovery penalties the IRS assessed against him.

### B. Douglas Marcello

Plaintiff Douglas Marcello is also liable for the TFRP taxes assessed against him. First, the IRS has presented certified records of the TFRP assessments against Plaintiff Douglas Marcello. Paper No. 33, Exs. 1-10. Second, as executive director and Vice President of Glasgow, Plaintiff was in charge of its day-to-day operations and therefore constitutes a "responsible person." As the Government explains in great detail, Plaintiff had the effective power to pay Glasgow's payroll taxes, determined when and how much to pay himself, and had significant control over Glasgow's finances. Paper No. 33 at 13-18. Third, Plaintiff acted willfully because he knew the payroll taxes were due but nonetheless paid creditors other than the IRS. Though Plaintiff attempts to argue that he was only following his brother's instructions, this is not a defense to liability under §6672. *Brounstein v. United States*, 979 F.2d 952, 955 (3d

Cir. 1992) ("Instructions from a superior not to pay taxes do not, however, take a person otherwise responsible under section 6672(a) out of that category."); *see also Plett v. United States*, 185 F.3d 216, 219 (4th Cir. 1999) (rejecting a responsible person's defense that he only did "as he was told"). Thus, there are no genuine issues of material fact and the IRS is entitled to judgment as a matter of law. Accordingly, Plaintiff Douglas Marcello is liable for the trust fund recovery penalties the IRS assessed against him.

## II.     Plaintiff Douglas Marcello's Motion for Summary Judgment

Plaintiff Douglas Marcello requests damages and injunctive relief, including an abatement of the trust fund recovery penalties assessed against him. Plaintiff does not address the IRS's counterclaims against him, but instead appears to seek summary judgment on his claims against the IRS. This Court dismissed Plaintiff's claims against the IRS, however, in its April 21, 2010 Memorandum Opinion (Paper No. 59). In that opinion, this Court explained that it lacks subject matter jurisdiction over Plaintiff's claims because Plaintiff failed to exhaust his administrative remedies as required by law. Thus, to the extent Plaintiff's Motion for Summary Judgment seeks judgment on these claims, it is moot.

Giving Plaintiff the benefit of the doubt that he intended to address the IRS's counterclaims, his motion is also unsuccessful because it is procedurally improper. First, Plaintiff failed to serve the government with a number of the exhibits to his motion in violation of Fed. R. Civ. P. 5. Second, Plaintiff's motion relies upon myriad documents and a live recording that are not supported by affidavits and are not a part of the case record in violation of Fed. R. Civ. P. 56. Accordingly, to the extent Plaintiff intended to seek summary judgment on the IRS's counterclaims, the IRS properly objects to all of Plaintiff's exhibits and Plaintiff's motion for summary judgment is denied on procedural grounds.

### III. Plaintiff's Request for Reconsideration

Plaintiff's "Request for Reconsideration of Request for Depositions," which the IRS construes as a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), is unsuccessful as it does not provide any recognized justification to alter or amend a judgment. The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a judgment may be amended under Rule 59(e) in only three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citing *EEOC v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). Plaintiff has not made any arguments as to the existence of any of the three circumstances requiring this Court to reconsider its decision. Accordingly, Plaintiff's Request for Reconsideration is denied.

### CONCLUSION

For the reasons stated above, Defendant IRS's Motions for Summary Judgment against Third-Party Defendant John Marcello (Paper No. 32) is GRANTED, Defendant IRS's Motions for Summary Judgment against Plaintiff Douglas Marcello (Paper No. 33) is GRANTED, Plaintiff Douglas Marcello's Motion for Summary Judgment against Defendant IRS (Paper No. 37) is DENIED, and Plaintiff Douglas Marcello's Motion for Reconsideration of Depositions (Paper No. 51) is DENIED.

A separate Order follows.

Dated: May 3, 2010                    /s/_____
                                      Richard D. Bennett
                                      United States District Judge